Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Edward A. Bobrick |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1137 | **DATE** | 7/19/2001 |
| **CASE TITLE** | Eugene Salamon vs. Autohause on Edens, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and Recommendation recommending that the complaint be dismissed with prejudice by reason of Eugene Salamon's failure to prosecute his case and for his failure to comply with the orders of this court is hereby submitted to Judge Andersen. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985); The Provident Bank v. Manor Steel Corp., 882 F.2d 258 (7th Cir. 1989). All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 20 2001 | |
| | Notified counsel by telephone. | | date docketed | 5 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 7/19/2001 | |
| | TH ✓ | courtroom deputy's initials | 01 JUL 19 PM 2:29 | date mailed notice |
| | | | Date/time received in central Clerk's Office | TH mailing deputy initials |

# ORDER

## REPORT AND RECOMMENDATION

### I. BACKGROUND

Plaintiff filed this case on February 20, 2001. To date, plaintiff has not made and apparently has not attempted, service on any of the defendants. Over 120 days have passed since the filing of this complaint with no service upon the defendants. Accordingly, it is recommended that this matter be dismissed pursuant to Fed.R.Civ.P.4(m). Moreover, it is recommended that this case be dismissed also by reason of plaintiff's failure to prosecute.

On April 18, 2001, this matter was set for status with notice being given by the court to plaintiff. Plaintiff did not appear at the April 18, 2001 hearing. On that date, an order was issued mentioning plaintiff's failure to appear, and further stating that "failure of plaintiff Eugene Salamon to appear for status on 5/2/01 will result in a recommendation from this court that the case be dismissed for failure to prosecute." A copy of this order was sent by chambers to plaintiff at his residence at 919 Sheridan Rd., Evanston, Il. The May 2, 2001 court date was continued to July 17, 2001. On July 16, 2001, plaintiff contacted chambers and advised chambers that he no longer wished to proceed and prosecute this case. The plaintiff further stated that he would not appear at the next status hearing. On July 17, 2001, the case was called for status; plaintiff again failed to appear.

### II. DISCUSSION

The court, may infer a lack of prosecution on various factors, including the failure to appear at scheduled hearings. *GCIU Employer Retirement Fund -v- Chicago Tribune*, 8 Fed.3rd 1195, 1199, (7th Cir. 1993). The plaintiff has not appeared at scheduled status hearings as we had been ordered. His communication with the court indicated that he no longer was interested in pursuing this matter.

### III. CONCLUSION

For the foregoing reasons, it is hereby recommended that the complaint be dismissed with prejudice by reason of Eugene Salamon's failure to prosecute his case and for his failure to comply with the orders of this court.